John E Gartman (SBN 152300)
GARTMAN LAW GROUP, P.C.
490 Pine Needles Drive
Del Mar, CA 92014
Telephone:  858-746-9092

Edward R. Nelson, III (*Pro Hac Vice to be submitted*)
TX Bar No. 00797142
John Murphy (Pro Hac Vice)
TX Bar No. 24056024
Jon Rastegar
TX Bar No. 24064043 (*Pro Hac Vice to be submitted*)
NELSON BUMGARDNER, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone:  817.377.9111

Timothy E. Grochocinski (*Pro Hac Vice to be submitted*)
IL Bar No. 6295055
MO Bar No. 59607
Joseph P. Oldaker (*Pro Hac Vice to be submitted*)
IL Bar No. 6295319
NELSON BUMGARDNER, P.C.
15020 S. Ravinia Avenue, Suite 29
Orland Park, IL 60462
Telephone:  708.675.1975

Attorneys for Plaintiff
NOVA INTELLECTUAL SOLUTIONS, LLC

- 1 -

**COMPLAINT**        Case No. _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVA INTELLECTUAL SOLUTIONS, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN WIRELESS CORP., a Nevada corporation, and FRANKLIN TECHNOLOGY INC., a South Korean corporation,<br><br>Defendant. | Case No.  **'15CV0912 LAB  JMA**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Jury Trial Demanded |

Plaintiff Nova Intellectual Solutions, LLC files this complaint against Franklin Wireless Corp. and Franklin Technology Inc. (collectively "Franklin" or "Defendants") for infringement of U.S. Patent No. 7,944,901 ("the '901 patent").

## THE PARTIES

1. Nova Intellectual Solutions, LLC ("NIS" or "Plaintiff") is a Texas limited liability company with its principal place of business at 8616 Turtle Creek Boulevard, Suite 521, Dallas, Texas 75225. NIS is the owner by assignment of U.S. Patent No. 7,944,901 ("the '901 patent").

2. Franklin Wireless Corp. ("Franklin Wireless") is a Nevada corporation with its headquarters and principal place of business at 5440 Morehouse Drive, Suite 1000, San Diego, California 92121. Franklin Wireless is engaged in the design, manufacture, and sale of wireless data products.

3. Franklin Technology Inc. ("FTI") is a South Korean corporation with its headquarters and principal place of business at 906 JEI Platz, 459-11, Gasan-Dong, Gumcheon-Gu Seoul, Korea. FTI is a subsidiary of Franklin Wireless. Franklin Wireless has majority ownership in FTI. Franklin Wireless has full control over

FTI. FTI provides design, development and manufacturing services to Franklin Wireless for Franklin Wireless's wireless data products.

## JURISDICTION AND VENUE

4. NIS brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Franklin Wireless resides in this District. FTI is an alien that conducts business in this District through the related entity Franklin Wireless. A substantial part of the infringing conduct giving rise to this Complaint has occurred in this District. The patents at issue in this Complaint were formerly owned by, and formerly assigned to, Novatel Wireless, which is headquartered in this District.

6. Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to California residents.

## COUNT I
### (Patent Infringement - U.S. Patent No. 7,944,901)

7. NIS incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9. NIS is the owner of the '901 patent, entitled "Systems and Methods for Automatic Connection with a Wireless Network," with ownership of all substantial rights in the '901 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '901

**COMPLAINT** - 3 - Case No. _____

patent is attached as Exhibit A.

10. The '901 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## **DIRECT INFRINGEMENT (35 U.S.C. § 271(a))**

11. Defendants have directly infringed, and continue to directly infringe, one or more claims of the '901 patent in this judicial district and elsewhere in California and the United States.

12. Defendants have infringed the '901 patent, by using, selling, and/or offering to sell, within the United States, and/or by importing into the United States, products, including, but not limited to, mobile data hot spots and data modems, which embody and/or practice at least claim 15 of the '901 patent by using a wide area network configured to provide wireless communication between a wireless device and a wireless network hub in violation of 35 U.S.C. § 271 (the "Accused Products").  The Accused Products include, but are not limited to, the Ellipsis Jetpack MHS800L.

13. Defendants are liable for these direct infringements pursuant to 35 U.S.C. § 271.

## **INDIRECT INFRINGEMENT (35 U.S.C. § 271(b))**

14. Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '901 patent by inducing direct infringement by distributors and the end users of the Accused Products.

15. Defendants have had knowledge of the '901 patent and the infringing nature of their activities since at least April 2012, when Franklin Wireless was served with the Second Amended Complaint in *Novatel Wireless, Inc., et al. v. Franklin Wireless Corp., et al.*, Case No. 3:10-cv-02530, in the United States District Court for the Southern District of California.  Despite this knowledge, Defendants have specifically intended for their distributors and/or end users to acquire and use the Accused Products in a way that infringes the claims of the '901 patent.  Defendants knew or

should have known that their actions were inducing infringement.

16. For example, on information and belief, Defendant Franklin Wireless provides product user manuals to its distributors, such as Verizon, that Verizon then makes available to end users from its website. These manuals induce direct infringement.

17. Furthermore, Defendants have not implemented a design around or otherwise taken any remedial action with respect to the '901 patent. In accordance with FED. R. CIV. P. 11(b)(3), NIS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## **INDIRECT INFRINGEMENT (35 U.S.C. § 271(c))**

18. Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '901 patent by contributing to the direct infringement by users who use the Accused Products.

19. Defendants have had knowledge of the '901 patent and the infringing nature of their activities since at least April 2012, when Franklin Wireless was served with the Second Amended Complaint in *Novatel Wireless, Inc., et al. v. Franklin Wireless Corp., et al.*, Case No. 3:10-cv-02530, in the United States District Court for the Southern District of California. Despite this knowledge, Defendants have knowingly sold and continue to offer for sale the Accused Products even though such devices have no substantial noninfringing use. Such devices infringe the '901 patent, including at least claim 15.

20. NIS has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to NIS in an amount that adequately compensates NIS for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

# COUNT II

## (Willful Infringement)

21. NIS incorporates paragraphs 1 through 20 herein by reference.

22. Upon information and belief, Defendants first offered the Ellipsis Jetpack MHS800L for sale sometime after April 2012. Prior to this date, Defendants had knowledge of the '901 patent and the infringing nature of their activities. Thus, since the release of the Ellipsis Jetpack MHS800L, Defendants' infringement has been willful.

**WHEREFORE,** Plaintiffs request that the Court:

NIS asks that the Court find in its favor and against Defendants, and that the Court grant NIS the following relief:

a. Judgment that one or more claims of the '901 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants;

b. Judgment that one or more claims of the '901 patent have been willfully infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants;

c. Judgment that Defendants account for and pay to NIS all damages and costs incurred by NIS because of Defendants' infringing activities and other conduct complained of herein;

d. Judgment that Defendants account for and pay to NIS a reasonable, on-going, post judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

e. That NIS be granted pre judgment and post judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

f. That NIS be granted such other and further relief as the Court may deem

just and proper under the circumstances

Dated:  April 24, 2015                              GARTMAN LAW GROUP, P.C.


                                        By:  */s/ John E. Gartman*
                                             John E. Gartman

                                             *Attorney for Plaintiff Nova Intellectual Solutions, LLC*

# REQUEST FOR TRIAL BY JURY

Plaintiffs claim trial by jury on all issues so triable.


Dated:  April 24, 2015                              GARTMAN LAW GROUP, P.C.


                                        By:  */s/ John E. Gartman*
                                             John E. Gartman

                                             *Attorney for Plaintiff Nova Intellectual Solutions, LLC*

**COMPLAINT**                                                                 **Case No.** _____